# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN DAVID O'NEAL, | NO. EDCV 14-2004-DDP (MAN) |
| Petitioner, | ORDER: DISMISSING PETITION WITH PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| STU SHERMAN, | |
| Respondent. | |

Petitioner is a California prisoner and a frequent litigant in this District. Presently, he is incarcerated in a California state prison pursuant to a state conviction he sustained on February 24, 2011, in San Bernardino County Superior Court Case No. FSB051948 (the "State Conviction"). On May 14, 2014, Petitioner filed a 28 U.S.C. § 2254 petition in this District (Case No. EDCV 14-00974-DDP (MAN)), which seeks federal habeas relief in connection with the State Conviction. The EDCV 14-00974 case is pending and under submission to the United States Magistrate Judge for issuance of a Report and Recommendation.[1]

The Court is in receipt of another 28 U.S.C. § 2254 petition filed by Petitioner on September 26, 2014 ("Petition"). The instant Petition does not challenge or seek federal habeas

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its records and files in Petitioner's other actions filed in this District.

relief with respect to Petitioner's State Conviction.  Rather, the Petition alleges two claims that attack the validity of a decision rendered by the San Bernardino County Juvenile Court, which terminated Petitioner's parental rights with respect to his daughter and she was freed for adoption (the "Juvenile Court Decision").  The Juvenile Court Decision was affirmed by the California Court of Appeal on February 18, 2010 (the "State Appeal").[2]  The remittitur issued in the State Appeal on April 22, 2010, after Petitioner failed to file a timely petition for rehearing or timely petition for review.

In the State Appeal, Petitioner raised a claim which is effectively the same as the claim alleged as Ground Two of the Petition, namely, Petitioner's contends that the Juvenile Court deprived him of due process by failing to provide the required notice of his right to assert paternity and of the steps necessary to do so.  (*Compare* Petition at 5 with In re S.O., 2010 WL 570491, at *2.)  The California Court of Appeal concluded that any error in failing to provide Petitioner with notice was harmless, because:

> [A]fter declining to find that father [Petitioner] is S.'s biological father, the [juvenile] court stated that even if father were the child's biological father, it would deny services because services would not benefit the child, given father's criminal history and the absence of any relationship between father and S.  The court further held that even if father qualified as a presumed father or a *Kelsey S.* father, . . . it would deny services as detrimental to the child under section 361.5, subdivision (e)(1). . . . Father does not contest the validity of the rulings that services to him if he were a biological father would not benefit S. and that services to him if he were a presumed father would be detrimental to S., which we deem to be a

---

[2] The Court takes judicial notice of the California Court of Appeal's unpublished decision affirming the Juvenile Court Decision, In re S.O., 2010 WL 570491 (Cal. Ct. App., Feb. 18, 2010) (No. E048744), as well as of the docket for this state case and Petitioner's other state cases, which are available at the website:  appellatecases.courtinfo.ca.gov.

concession that the court's findings were supported by substantial evidence. In light of those uncontested rulings, any error in notice to father of his right to request paternity testing was harmless beyond a reasonable doubt.

*Id.,* at *3 (footnotes and citations omitted.)

Ground One of the instant Petition alleges that Petitioner's Sixth Amendment right to effective counsel was violated in the Juvenile Court case, because his counsel failed to ensure that paternity testing was completed and withdrew several petitions without Petitioner's consent. According to Petitioner, counsel's failure to ensure the completion of such paternity testing caused Petitioner to have no legal standing, and thus, his parental rights were terminated. (Petition at 5.)  This claim was not raised in the State Appeal.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it plainly appears that the Court lacks jurisdiction over the Petition, because the "in custody" requirement for federal habeas relief is not met and cannot be met. Therefore, the Petition must be dismissed.

**DISCUSSION**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 93 S. Ct. 1827, 1833 (1973).  "The power of a federal habeas court 'lies to enforce the right of personal liberty' [and] . . . [a]s such, a habeas court 'has the power to release' a prisoner, but 'has no other power.'"  Douglas v. Jacquez, 626 F.3d 501, 504 (9th Cir. 2010) (citation omitted).

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release - the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.

Preiser, 93 S. Ct. at 1838.

The Petition does not state the relief sought. However, it is plain that Petitioner is challenging the validity of the Juvenile Court Decision and seeks an Order from this Court overturning that state court decision. This Court lacks jurisdiction to consider the Petition. United States District Courts have jurisdiction to entertain petitions for habeas relief "only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989) (*per curiam*) (quoting, and adding emphasis to, 28 U.S.C. § 2241(c)(3)); *see also* 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"; emphasis added.) The "in custody" requirement is jurisdictional and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng, 490 U.S. at 490-91; Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir. 1999). The fact of a state prisoner's physical custody alone is insufficient to confer habeas jurisdiction; rather, jurisdiction exists only if there is a nexus between the petitioner's claim and the allegedly unlawful nature of the custody. Bailey v. Hill, 599 F.3d 976, 980 (9th Cir. 2010).

Petitioner, clearly, is not "in custody" pursuant to the Juvenile Court Decision, and thus, the 28 U.S.C. § 2254 federal habeas remedy is not available for his claims. There is no interpretation of the claims alleged in the Petition, however liberal, which could warrant finding

the Petition to constitute an attack on Petitioner's present State Conviction and related incarceration. As Petitioner is not "in custody" pursuant to the Juvenile Court Decision he seeks to challenge, there is no federal habeas jurisdiction over the Petition, and its dismissal is required.

The Court notes that, even if federal habeas jurisdiction were present here (and it is not), it is plain that Petitioner's Ground One Sixth Amendment/ineffective assistance of counsel claim would not be cognizable. By its terms, the Sixth Amendment applies only to "criminal prosecutions." The federal courts have not found the Sixth Amendment's guarantee of the effective assistance of counsel to be applicable to proceedings involving the termination of parental rights. *See, e.g.,* Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 23-32 (1981) (holding that due process does not require the appointment of counsel for an indigent parent in all termination proceedings, especially when the dependency petition contains no allegations upon which criminal charges could be based against the parent); Muhammad v. Cappellini, 477 Fed. Appx. 935, 937 n.2, 2012 WL 1010857, at *2 n.2 (3d Cir. 2012) (rejecting a claim that an attorney appointed to represent plaintiff in a parental termination proceeding provided ineffective assistance, after finding that the plaintiff had no federal constitutional right to the assistance of counsel in the termination proceeding); Glover v. Johnson, 75 F.3d 264, 269 (6th Cir. 1996) (the U.S. Constitution does not require court-appointed counsel in parental termination proceedings).

The defects of the instant Petition are fundamental and not rectifiable. As Petitioner is not "in custody" pursuant to the state court decision he challenges, the Court lacks jurisdiction to consider the Petition, and it must be dismissed with prejudice.

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required. Accordingly, IT IS ORDERED that: the Petition is dismissed with prejudice; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the

United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED:  November 6, 2014

　　　　　　　　　　　　　　　　　　　　　　　　DEAN D. PREGERSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE